UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | **Criminal No. 12-088 (ESH)** |
| | ) | |
| **RONALD C. HARRISON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Defendant Ronald C. Harrison, proceeding *pro se*, has filed a petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a).  (Petition for Writ of Error Coram Nobis, Oct. 14, 2015 [ECF No. 24] ("Pet.").)  For the reasons stated herein, the petition will be denied.

**BACKGROUND**

On October 4, 2012, defendant entered a plea of guilty pursuant to a plea agreement to one count of unlawful possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii).  (Plea Agreement, Oct. 4, 2012 [ECF No. 12].)  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), defendant and the government agreed that a total sentence of 15 years (180 months) was the appropriate sentence of imprisonment for the offense.  (*Id*.)  On December 18, 2012, defendant was sentenced to 180 months imprisonment to be followed by 60 months of supervised release.  (Judgment in a Criminal Case, Dec. 18, 2012 [ECF No. 20].)  Defendant did not file a direct appeal; nor did he timely file a motion pursuant to 28 U.S.C. § 2255.  However, he has now filed a petition for writ of error *coram nobis* asking the Court to vacate his "unlawful conviction."  (Pet. at 1.)

**DISCUSSION**

At common law, "[t]he writ of *coram nobis* was available . . . to correct errors of fact . . . that affect the validity and regularity of the judgment." *United States v. Morgan*, 346 U.S. 502, 507 (1954). "It was allowed without limitation of time" and "was used in both civil and criminal cases." *Id*. Although now abolished in civil proceedings, *see* Fed. R. Civ. P. 60, federal courts retain the authority to grant a writ of error *coram nobis* in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a).[1] *Morgan*, 346 U.S. at 510-11 (rejecting argument that enactment of 28 U.S.C. § 2255 "should be construed to cover the entire field of remedies in the nature of *coram nobis* in federal courts"); *United States v. Denedo*, 129 S. Ct. 2213, 2220-21 (2009).

It is frequently observed that the writ of error *coram nobis* is an "extraordinary remedy." *See Morgan*, 346 U.S. at 511 (relief "should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice"); *Denedo*, 129 S. Ct. at 2220 (writ is "an extraordinary tool to correct a legal or factual error"). Yet, as the Supreme Court has noted: "[i]n American jurisprudence, the precise contours of *coram nobis* have not been well defined." *Denedo*, 129 S. Ct. at 2220. In this Circuit, the "leading case" in defining the writ is *United States v. Hansen*, 906 F. Supp. 688 (D.D.C. 1995). *See United States v. Williams*, 630 F. Supp. 2d 28, 32 (D.D.C. 2009). As described in *Hansen*, the writ is "an equitable tool for federal courts to 'fill the interstices of the federal post-conviction remedial framework,'" through which "the federal judge who imposed a sentence has the discretionary power to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." *Hansen,* 906 F. Supp. at 692 (quoting *United States v. Ayala,* 894 F.2d 425, 428 (D.C. Cir. 1990)); *see*

---

[1] The All Writs Acts provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

*also United States v. McCord*, 509 F.2d 334, 341 (D.C. Cir. 1974) (petition for writ "may collaterally attack only constitutional or jurisdictional errors or serious defects in the trial either not correctible on direct appeal or where exceptional circumstances justify the failure to appeal on those grounds"). In order to justify issuance of the writ, the petitioner must show that

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Hansen*, 906 F. Supp. at 692–93.

Defendant claims that his conviction should be vacated "due to the unconstitutionality of Title 21 that has no[t] been approved, certified and enacted into positive law by the elected members of the House of Representatives and the Senate." (Pet. at 1.) At a minimum, defendant has failed to show a valid reason for not raising this argument earlier. *See Hansen*, 906 F. Supp. at 692. None of the material facts or applicable laws have changed since defendant's conviction, so he could have raised this argument in a direct appeal or in a timely-filed motion pursuant to 28 U.S.C. § 2255.[2] In addition, defendant has failed to show fundamental error. *See Williams*, 630 F. Supp. 2d at 32 ("A showing of fundamental error is undoubtedly required to win *coram nobis* relief."); *see also United States v. Addonizio*, 442 U.S. 178, 186 (1979) ("*coram nobis* jurisdiction" exists only "in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid"). Indeed, defendant has failed to show any error at all. His claim that Title 21 is not an enforceable statute because it was never enacted into "positive law" has absolutely no legal basis. As defendant has failed to

---

[2] At this point, defendant would be procedurally barred by the one-year statute of limitations from proceeding under 28 U.S.C. § 2255.

satisfy at least two of the four conditions necessary to justify *coram nobis* relief, his petition will be denied.

## CONCLUSION

Accordingly, and for the reasons stated above, the Court will deny defendant's petition for a writ of error *coram nobis*. A separate Order accompanies this Memorandum Opinion.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   October 21, 2015