# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) <br> ) <br> ) |
| v. | )    Criminal No. 12-088 (ESH) <br> ) |
| RONALD C. HARRISON, | ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION

Defendant Ronald C. Harrison, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255(f)(3) to vacate, set aside or correct his sentence in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). (*See* Mot. Under § 2255(f)(3) at 2, ECF No. 28.) For the reasons stated herein, the petition will be denied.

## BACKGROUND

On October 4, 2012, pursuant to a Rule 11(c)(1)(C) plea agreement, defendant entered a plea of guilty to one count of unlawful possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii). (Plea Agreement at 1, Oct. 4, 2012, ECF No. 12.) The offense carried a mandatory minimum sentence of 10 years of imprisonment, and the plea agreement provided that defendant and the government agreed that a total sentence of 15 years (180 months) imprisonment was appropriate. (*Id*. at 2.) According to defendant's presentence report ("PSR"), if he were to be sentenced under the then-applicable Sentencing Guidelines, he would have been treated as a "career offender," *see* U.S.S.G. § 4B1.1,

resulting in a total offense level of 34,[1] a criminal history category of VI, and a sentencing range of 262-327 months. After considering the PSR, the Court accepted the 11(c)(1)(C) plea agreement and sentenced defendant to 180 months imprisonment to be followed by 60 months of supervised release. (Judgment in a Criminal Case, Dec. 18, 2012, ECF No. 20.) Defendant did not file a direct appeal; nor has he previously filed a motion pursuant to 28 U.S.C. § 2255.

**ANALYSIS**

Defendant seeks § 2255 relief now based on the Supreme Court's June 23, 2016 decision in *Mathis v. United States*.

In *Mathis v. United States*, the Court held that for purposes of determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the underlying statute of conviction is "divisible" and the "modified categorical" approach is available only if it lists "elements" in the alternative, but not if it merely lists alternative *means* of satisfying one (or more) of its elements. *Mathis*, 136 S. Ct. at 2247-48. If the statute is not "divisible," then the traditional categorical approach must be used and a conviction under the statute will only count as a predicate offense under the ACCA if the elements are "the same as, or narrower than, those of the generic offense." *Id*. at 2250. Applying that distinction to the state law burglary statute at issue in *Mathis*, the Court held that a "modified categorical approach" could not be applied to determine whether the defendant had been convicted of a "crime of violence" under the ACCA because the statute listed "means," not "elements," in the alternative.

---

[1] Defendant's starting offense level as a "career offenders" was 37, but he would have received a three-level reduction of acceptance of responsibility.

Relying on *Mathis*, defendant argues (1) that his two prior convictions in the District of Columbia for distribution of cocaine do not qualify as convictions for "a controlled substance offense" under U.S.S.G. § 4B1.1 because the underlying statute is not divisible and the conduct criminalized is broader than the generic offense;[2] and (2) absent the career offender enhancement, he would have had an offense level of 31, a criminal history category of IV, and a sentencing range of 151-188 months and never would have agreed to a 180-month sentence.

Assuming *arguendo* that defendant is correct is his belief that his prior convictions would not qualify him as a "career offender" under § 4B1.1, he is nonetheless not entitled to relief. Defendant's motion is filed under § 2255(f)(3), which allows a § 2255 motion to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been *newly recognized* by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3)(emphasis added). Defendant filed his motion within one year of the *Mathis* decision, but the Supreme Court made crystal clear in *Mathis* itself that its decision was not based on a "newly recognized" right, but rather dictated by well-established precedent:

> Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

---

[2] Section 4B1.1 provides that:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3

136 S. Ct. at 2257. *Mathis*, thus, cannot be the basis for a claim under § 2255(f)(3). *See also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *United States v. Taylor*, 672 F. App'x 860, 864–65 (10th Cir. 2016); *Sandlain v. United States*, No. 14-CR-20283, 2017 WL 2002005, at *5 (E.D. Mich. May 12, 2017); *Thompson v. United States*, No. 3:03-CR-382-G-01, 2017 WL 1629141, at *2 (N.D. Tex. Apr. 13, 2017), *report and recommendation adopted*, No. 3:03-CR-382-G, 2017 WL 1550528 (N.D. Tex. May 1, 2017); *Dimott v. United States*, Nos. 2:06–cr–26, 2:16–cv–347, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016); *Blackwell v. United States*, No. 4:10–cr–00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016). To the extent defendant wanted to raise the claim he seeks to bring now, the time for doing so expired one year after the date his conviction became final.

## CONCLUSION

Accordingly, and for the reasons stated above, the Court will deny defendant's § 2255 motion. A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: November 20, 2017